1  CATHERINE E. AROSTEGUI, SBN 118756
   BEESON, TAYER & BODINE, APC
2  520 Capitol Mall, Suite 300
   Sacramento, CA  95814-4714
3  Telephone:     (916) 325-2100
   Facsimile:     (916) 325-2120
4  Email:         carostegui@beesontayer.com

5  Attorneys for Plaintiff Trustees On Behalf of Supplemental Income 401(k) Plan

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES ON BEHALF OF SUPPLEMENTAL INCOME 401(k) PLAN,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN WEST ENVELOPE CORPORATION,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

PLAINTIFF ALLEGES AS FOLLOWS:

### JURISDICTION AND VENUE

1. This action arises under the National Labor Relations Act, 29 U.S.C. §185, and under the Employee Retirement Income Security Act, 29 U.S.C. §§1132 and 1145 for the administration of trust fund business. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e). This Court is the proper venue for this action ad the Defendant's place of business is in the County of Alameda. 29 U.S.C. §1132(e)(2).

2. <u>Intradistrict Assignment</u>. The acts and/or omissions alleged herein arose in the County of Alameda and thus this matter is properly assigned to the San Francisco or Oakland Division of the Northern District Court.

///

///

## PARTIES

3. Plaintiff Trustees on Behalf of Supplemental Income 401(k) Plan ("Plaintiff" or "Trust Fund") is an employee benefit plan within the meaning of 29 U.S.C. §§1002 and 1132(d). Plaintiff is a "Trust Fund" originally established by a Trust Agreement. A copy of the Agreement and Declaration of Trust (restated as of August 6, 2009), and all Amendments, are attached as Exhibit "A".

4. Plaintiff is informed and believes, and on that basis alleges, that during all relevant times described in this complaint, Defendant Golden West Envelope Corporation was a corporation doing business in Oakland, California.

## FACTUAL ALLEGATIONS

5. Defendant is a signatory to a Collective Bargaining Agreement with Teamsters District Council 2, Local 388M which obligates Defendant to make contributions on behalf of its employees to a 401(k) Plan ("employer or non-elective contributions"). A true and correct copy of that Agreement is attached as Exhibit "B" and is incorporated by reference.

6. Defendant is also signature to a Subscriber Agreement making Defendant a participant in the Plaintiff Trust Fund and binding Defendant to the terms and conditions of the Trust Agreement referenced herein. A true and correct copy of the Subscriber's Agreement is attached as Exhibit "C" and is incorporated by reference.

7. Pursuant to the terms of the Trust Agreement and the Subscriber's Agreement, Defendant is bound to make contributions of $22.00 a month on behalf of eligible employees to the Trust Fund.

8. Pursuant to the terms of the Trust Agreement and Subscriber's Agreement, Defendant is bound to transmit the Contributions described above to the Trust Fund's Administrative Office immediately after each payroll period, or no less frequently than twice per month.

9. Transmission of said contributions must be in the format specified by the Trust Fund and received by the Plan within fifteen (15) calendar days of each pay day. Contributions are considered delinquent if not fully transmitted and received by the Trust Fund by the 15th calendar day following the pay day. If a transmission is delinquent, the Employer is bound to pay liquidated damages and interest on the delinquent contributions. Specifically, Article XII, Section 3, provides for six percent

(6%) liquidated damages (or $25.00, whichever is greater) for delinquent contribution amounts received less than two weeks past the due date or twelve percent (12%) liquidated damages (or $25.00, whichever is greater) for delinquent contribution amounts received later than two weeks past the due date. In addition, Article XII, Section 5, provides for the assessment of compound interest. This provision was updated in Amendment Number Two to the Trust Agreement, effective with contributions due on or after February 15, 2014.

## CAUSE OF ACTION

### Collection of Delinquencies

10. Plaintiff realleges and incorporates by reference the allegations set forth above, as though fully set forth herein.

11. Defendant has not paid its contributions owed on behalf of approximately twenty-three (23) active employees for the period of May 1, 2014 through the present.

12. This failure resulted in an estimated deficiency of $12,144.00 in delinquent contributions owed to the Plaintiff, an estimated $1,457.28 in liquidated damages, and interest in an unknown amount. The delinquent contributions and liquidated damages are estimated because Defendant has failed to submit its contribution report forms. The interest is unknown at this time because the underlying contributions have not been paid.

13. Despite repeated attempts by the Plaintiff to collect these amounts, Defendant has not paid the outstanding delinquent contributions. Therefore, Plaintiff has been unable to determine the exact amounts owed to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment ordering payment as follows:

1. $12,144.00 in unpaid contributions now due and owing from May 1, 2014 through the present;
2. $1,457.58 in unpaid liquidated damages now due and owing from May 1, 2014 through the present;
3. Interest now due and owing from May 1, 2014 through the present, on the unpaid contributions;

4. Reasonable attorney's fees and costs in this action pursuant to 29 U.S.C. §1132(g)(2)(D), and the Trust Agreement; and

5. For such other and further relief as may be proper.

Dated: March 8, 2016

BEESON, TAYER & BODINE, APC

By: _____
CATHERINE E. AROSTEGUI
Attorneys for Trustees On Behalf of
Supplemental Income 401(k) Plan

COMPLAINT
Case No.

573317.docx

4